```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT LEWIS,                  )
                               )
          Plaintiff,           )
                               )
     v.                        )       1:19CV418
                               )
HUBERT PETERKIN, et al.,       )
                               )
          Defendants.          )
```

**ORDER**

This matter is before this court for review of the Memorandum Opinion and Recommendation ("Recommendation") filed on August 14, 2020, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 32.) In the Recommendation, the Magistrate Judge recommends that Defendants Hubert Peterkin, Nachia Revels, and Hoke County's Motion for Judgment on the Pleadings, (Doc. 27), be granted in part to the extent Plaintiff's claims against Hoke County be dismissed, Plaintiff's state law negligence claim against Sheriff Peterkin and Major Revels in their official capacity be dismissed, and Plaintiff's state medical malpractice claim be dismissed. In all other aspects, Defendants' motion should be denied. The Recommendation was served on the parties to this action on August 14, 2020. (Doc. 33.) Plaintiff filed objections, (Doc. 6), to the Recommendation. Objections were also filed by Defendants Hubert

Peterkin, Nachia Revels, and Nachia Revels, (Doc. 35); Southern Health Partners, (Doc. 36); and Kathryn McKenzie, (Doc. 37).

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

The court will briefly address two specific issues raised by Plaintiff.

First, Plaintiff asserts that the Magistrate Judge erred in concluding that Hoke County is not a proper defendant in this action. (Doc. 34 at 1-4.)[1] Plaintiff's Complaint asserts that "Hoke County is responsible for the policies and duty of care of the inmate population of the Hoke County Detention Center[.]" (Doc. 1 at 18.) The Magistrate Judge found that Plaintiff's "attempt to attach liability to Hoke County through the actions of the Sheriff's Office employees is improper." (Doc. 32 at 8 (citing Landry v. North Carolina, Civil Action No. 3:10-CV-0585-

---

[1] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

-2-

RJC-DCK, 2011 WL 3683231, at *4 (W.D.N.C. Mar. 11, 2011) (unpublished), report and recommendation adopted, No. 3:10-cv-585-RJC-DCK, 2011 WL 3682788 (W.D.N.C. Aug. 23, 2011) (unpublished)). This court agrees with that finding as a general proposition. However, Plaintiff, in his objections, argues that N.C. Gen. Stat. § 153A-225 applies to his claims against Hoke County, and dismissal is therefore improper. Defendants argue that Plaintiff "offers no authority to demonstrate that it does," (Doc. 35 at 10), and that Plaintiff's allegations suggest the medical supervision was sufficient.[2] For the following reasons, this court finds dismissal of Hoke County would not be proper at this preliminary stage of the proceedings.

A county may only be held liable under 42 U.S.C. § 1983 for acts for which it has final "policymaking" authority. See City of St. Louis v. Praprotnik, 485 U.S. 112, 123, (1988); cf. McMillian v. Monroe Cnty., 520 U.S. 781, 784 (1997) ("[A] local government is liable under § 1983 for its policies that cause constitutional torts."). Whether a county has final policymaking

---

[2] Defendant Hoke County argues the court may take judicial notice that Physician's Assistants are required to be supervised by a licensed physician. (Doc. 35 at 10 n.3.) At this stage of the proceedings, the court declines to do so. The fact that certain statutes may require that supervision does not establish that such supervision was either contracted for or in fact provided.

-3-

Case 1:19-cv-00418-WO-JLW   Document 39   Filed 09/24/20   Page 3 of 7

authority on a particular issue is an inquiry governed by state law. Praprotnik, 485 U.S. at 123; Stockton v. Wake County, 173 F. Supp. 3d 292, 303 (E.D.N.C. March 24, 2016).

Here, North Carolina state law appears to vest Hoke County with policymaking authority regarding the provisions of medical supervision, detection and treatment of certain infections and emergency medical care to county detainees. See N.C. Gen. Stat. § 153A-225(a) (requiring "[e]ach unit that operates a local confinement facility" to develop a medical plan "in consultation with appropriate local officials and organizations, including the sheriff, the county physician . . . ."); Cnty. of Guilford v. Nat'l Union Fire Ins. Co. of Pittsburgh, 108 N.C. App. 1, 4, 422 S.E.2d 360, 363 (1992), aff'd, 333 N.C. 568, 429 S.E.2d 347 (1993) (North Carolina Court of Appeals interpreting that state law "require[s] that a county provide emergency medical services to prisoners incarcerated in the county's jail and to pay for such services" (internal quotations and citation omitted)).

Plaintiff's Complaint alleges that Hoke County is "responsible for the policies" of the Hoke County Detention Center, (Doc. 1 at 18), and Hoke County subjected Plaintiff "to an inadequate medical facility." (Id. at 38.) Plaintiff's Complaint also alleges that Hubert Peterkin, Sheriff of Hoke County, has a "policy or customary practice of allowing medical

services to be rendered by non-medical personnel." (Id. at 39.)
Additionally, the Complaint alleges that Southern Health
Partners, the detention center's primary healthcare provider,
"maintained an unconstitutional policy or customary practice"
regarding prescription purchases. (Id. at 37.) Considering said
allegations, at this juncture, the court concludes that Hoke
County should not be dismissed from this action. See Vaught v.
Ingram, No. 5:10-CT-3009-FL, 2011 WL 761482, at *3-4 (E.D.N.C.
Feb. 24, 2011); Ellis v. Bunn, No. 7:08-CV-71-BR, 2008 WL
3876165, at *3 (E.D.N.C. Aug. 18, 2008) (unpublished). While
this court recognizes that it may be unlikely, as Plaintiff
argues, (Doc. 35 at 10), medical practices did not violate N.C.
Gen. Stat. § 153A-225, there is authority to support Plaintiff's
claims against Hoke County, see e.g. Vaught, and the facts,
while sparse, when viewed in totality are sufficient.

Second, Plaintiff faults the Magistrate Judge for failing
to consider whether the common knowledge exception applies to
the expert testimony requirement to his medical malpractice
claim. (Doc. 34 at 4-8.) North Carolina courts have recognized
such an exception "[w]hen the jury, based on its common
knowledge and experience, can understand, evaluate, and judge
the legal reasonableness of a health care provider's actions."
Shumaker v. United States, 714 F. Supp. 154, 159 (M.D.N.C. 1988)

(citation omitted). The application of this exception "has been reserved for those situations in which a physician's conduct is so grossly negligent or the treatment is of such a nature that the common knowledge of laypersons is sufficient to find the standard of care required, a departure therefrom, or proximate causation." Bailey v. Jones, 112 N.C. App. 380, 387, 435 S.E.2d 787, 792 (1993). Further, "[t]he limited number of North Carolina courts to apply this exception have discussed it as applying the doctrine of res ipsa loquitur." Warden v. United States, 861 F. Supp. 400, 403 (E.D.N.C. 1993) (collecting cases), aff'd, 25 F.3d 1042 (4th Cir. 1994). The "determination of the applicable standard of care usually involves 'highly specialized knowledge with respect to which a layman can have no reliable information.'" Sprecher v. Kerr, No. 2:98-CV-32-BO(2), 1999 WL 1940024, at *2 (E.D.N.C. Jan. 13, 1999) (unpublished) (citation omitted). Here, the facts alleged in Plaintiff's Complaint do not fall within the narrow common knowledge exception, nor does the Complaint give rise to any circumstances in which res ipsa loquitur has been applied. Thus, this objection is unpersuasive.

In sum, this court has appropriately reviewed the portions of the Recommendation to which the objections were made and has

made a de novo determination. For the reasons stated herein, the Recommendation is adopted in part and rejected in part.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 32), is **ADOPTED IN PART AND REJECTED IN PART. IT IS FURTHER ORDERED** that the Motion for Judgment on the Pleadings, (Doc. 27), filed by Defendants Hubert Peterkin, Nachia Revels and Hoke County is **GRANTED IN PART AND DENIED IN PART** to the extent Plaintiff's state law negligence claim against Sheriff Peterkin and Major Revels in their official capacity are **DISMISSED** and Plaintiff's state medical malpractice claim is **DISMISSED**. In all other aspects, Defendants' motion is **DENIED**.

This the 24th day of September, 2020.

/s/ William L. Osteen, Jr.
United States District Judge