IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19CV418 |
| | ) | |
| HUBERT PETERKIN, et al., | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Presently before this court is a Motion for Reconsideration filed by pro se Plaintiff Robert Lewis, (Doc. 42). Defendants Sheriff Hubert Peterkin, Chief Jail Administrator Nachia Revels, Hoke County, and Southern Health Partners have responded, (Docs. 43, 44); and Plaintiff Lewis has replied, (Doc. 45). Plaintiff's motion is ripe for resolution. For the reasons stated herein, Plaintiff's motion will be denied.

## I. BACKGROUND

Plaintiff alleged violation of his constitutional rights and state law violations, (Doc. 1 at 36), following medical treatment Plaintiff received on his eyes between July 8, 2015 and May of 2016, (id. at 19). The instant motion arises out of this court's order issued September 24, 2020. (Doc. 39.) That

order granted in part and denied in part Defendants' Motion for Judgement on the Pleadings, (Doc. 27), by dismissing Plaintiff's state law negligence claim against the Hoke County officials and dismissing Plaintiff's state medical malpractice claim, (Doc. 39 at 7).

II. **STANDARD OF REVIEW**

Plaintiff styles his motion as arising under Rule 54(b) and 59(e) of the Federal Rules of Civil Procedure. (See Doc. 42.)

Although the Fourth Circuit has not specifically articulated the standard for evaluating a motion for reconsideration under Rule 54(b), see Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003), district courts in the Fourth Circuit routinely look to the standards governing the reconsideration of final judgments under Rule 59(e) for guidance in considering a motion for reconsideration of an interlocutory order under Rule 54(b). See Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc., No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011); Hinton v. Henderson, No. 3:10cv505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011); Pender v. Bank of Am. Corp., No. 3:05-CV-238-MU, 2011 WL 62115, at *1 (W.D.N.C. Jan. 7, 2011); Directv, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004).

A motion for reconsideration under Rule 59(e) is granted only in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1993); see also Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007). Manifest injustice is defined as "an error by the court that is direct, obvious, and observable." Register v. Cameron & Barkley Co., 481 F. Supp. 2d 479, 480 n.1 (D.S.C. 2007) (internal quotations omitted). "Clear error occurs when [a court is] 'left with the definite and firm conviction that a mistake has been committed.'" United States v. Woods, 477 F. App'x 28, 29 (4th Cir. 2012) (citing United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008)).

A motion for reconsideration under Rule 59(e) is improper where "it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter." Hinton, 2011 WL 2142799, at *1 (internal quotations and citation omitted). See also Pac. Ins. Co., 148 F.3d at 403 ("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the

party had the ability to address in the first instance."); Directv, Inc., 366 F. Supp. 2d at 317 (holding that motion to reconsider is not proper to "merely ask[ ] the court to rethink what the Court had already thought through — rightly or wrongly") (internal citations and quotations omitted).

**III. ANALYSIS**

On September 24, 2020, this court granted Defendants' Motion for Judgment on the Pleadings because "the facts alleged in Plaintiff's Complaint do not fall within the narrow common knowledge exception" to the expert testimony requirement of a medical malpractice claim, and do not "give rise to any circumstances in which res ipsa loquitur has been applied." (Doc. 39 at 5-6.)

Plaintiff Lewis argues, in this instant motion, that this court should reconsider granting Defendants' Motion for Judgment on the Pleadings, in order to "to correct a clear error of law or prevent manifest injustice." (Doc. 42 at 1.) Specifically, Plaintiff Lewis argues that the following errors led to the dismissal of his state medical malpractice claim: (1) the wrong standard of review was used to determine whether plaintiff's medical malpractice claims fall within the guidelines of res ipsa loquitur or the common knowledge exception to expert testimony, (id. at 2); (2) the facts giving rise to Plaintiff's

medical malpractice claims [were] unfairly misconstrued, (id. at 3); (3) he does not need expert medical testimony because there exists a statute that clearly defines the standard of care for Nurse McKenzie's actions in this suit, (id. at 6); and finally (4) his claim meets all the elements of res ipsa loquitur because "there exists no direct proof of the cause of Plaintiff's injury, (id. at 7), "the instrumentality that was used was under Nurse McKenzie's control[,]" (id.), and "the injuries that Plaintiff sustained would not occur in the absence of some negligent act or omission," (id. at 8). However, none of these arguments present "an error by the court that is direct, obvious, and observable[,]" Register, 481 F. Supp. 2d at 480 n.1 (internal quotations omitted), or an error that leaves this court "with the definite and firm conviction that a mistake has been committed[,]" Woods, 477 F. App'x at 29 (citing Harvey, 532 F.3d at 336). Consequently, these arguments do not provide sufficient grounds for reconsideration.

Further, this court finds that Plaintiff Lewis had every opportunity in both his Response to Defendants' Motion for Judgment on the Pleadings, (Doc. 30), and in his Objections to the Magistrate Judge's Memorandum Opinion and Recommendation, (Doc. 34), to make these arguments. Plaintiff previously argued in his objections to the Recommendation that "the common

knowledge exception to expert testimony applys [sic] to [his] pendent medical malpractice claim." (Id. at 4.) Arguing this again in Plaintiff's Motion for Reconsideration, (Doc. 42 at 2), is duplicative and asks the court to rethink its prior decision on the matter. See Hinton, 2011 WL 2142799, at *1; see also Pac. Ins. Co., 148 F.3d at 403. Furthermore, Plaintiff's second, third, and fourth arguments regarding the interpretation of the facts, the standard of care owed to Plaintiff, and the applicability of res ipsa loquitur respectively, (Doc. 42 at 3-8), merely attempt to assert "a better or more compelling argument that the party could have presented in the original briefs on the matter." Hinton, 2011 WL 2142799, at *1 (internal quotations and citation omitted). For these reasons as well, Plaintiff's motion does not provide sufficient grounds for reconsideration.

Assuming, arguendo, that Plaintiff had made his novel legal arguments prior to this court's order, (Doc. 39), and not in his Motion for Reconsideration, (Doc. 42), Plaintiff would still fail to overcome Defendants' motion.

First, Plaintiff argues erroneously that North Carolina state law supports the exclusion of expert testimony in his state law medical malpractice claim. (See id. at 2, 6.) It is true that "[u]nder the familiar Erie doctrine, [courts] apply

state substantive law and federal procedural law when reviewing state-law claims." Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 74 (4th Cir. 2016). However, under North Carolina law, the expert testimony requirement "is a substantive element of a medical malpractice claim." Lauer v. United States, Civil No. 1:12cv41, 2013 WL 566124, at *3 (W.D.N.C. Feb. 13, 2013) (citing Camalier v. Jeffries, 340 N.C. 699, 460 S.E.2d 133 (1995)). Therefore, because this court must apply state substantive law, expert testimony is required in this case unless an exception applies.

Second, Plaintiff's res ipsa loquitur negligence claim is inconsistent with the application of "res ipsa" in North Carolina.[1]

While the North Carolina Supreme Court recognizes the doctrine of res ipsa, Harris v. Mangum, 183 N.C. 235, 237,

---

[1] Ultimately, this res ipsa loquitur claim is a variation of Plaintiff's previous arguments in his objections to the Recommendation, (Doc. 34 at 4-8), and in section I of his Motion for Reconsideration, (Doc. 42 at 2-3), that the common knowledge exception to North Carolina's expert testimony requirement for medical malpractice cases applies in Plaintiff's case. This is because "[t]he limited number of North Carolina courts to apply this exception have discussed it as applying the doctrine of res ipsa loquitur." Warden v. United States, 861 F. Supp. 400, 403 (E.D.N.C. 1993) (collecting cases), aff'd, 25 F.3d 1042 (4th Cir. 1994). However, the court will address this argument as if it were a novel legal argument in acknowledgement of the Plaintiff's pro se representation.

111 S.E. 177 1922), as a way to allow "the facts of [an] occurrence [to] warrant an inference of defendant's negligence," Diehl v. Koffer, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (quoting Kekelis v. Machine Works, 273 N.C. 439, 443, 160 S.E.2d 320, 323 (1968)), its application in the medical malpractice context is rare and only in a narrow capacity. North Carolina courts have "consistently reaffirmed that res ipsa loquitur is inappropriate in the usual medical malpractice case, where the question of injury and the facts in evidence are peculiarly in the province of expert opinion." Bowlin v. Duke Univ., 108 N.C. App. 145, 149-50, 423 S.E.2d 320, 323 (1992); see also Elliott v. Owen, 99 N.C. App. 465, 393 S.E.2d 347 (1990). However, in a handful of extreme cases when common knowledge was sufficient to observe negligent medical care, North Carolina courts have made an exception and applied res ipsa to the medical malpractice context. See Tice v. Hall, 310 N.C. 589, 594–95, 313 S.E.2d 565, 567–68 (1984) (applying res ipsa to case in which doctor allegedly left sponge in the plaintiff during operation); Schaffner v. Cumberland Cnty. Hosp. Sys., Inc., 77 N.C. App. 689, 691-92, 336 S.E.2d 116, 118 (1985) (applying doctrine of res ipsa to case in which the plaintiff's hand was burned during unrelated surgery); Parks v. Perry, 68 N.C. App. 202, 207, 314 S.E.2d 287, 290 (applying res ipsa to

case in which the plaintiff allegedly suffered nerve damage in her right arm during a vaginal hysterectomy operation).

These applications, in which a lay person could infer negligence from the nature of the harm, are distinguishable from the case at hand which is more akin to the usual medical malpractice case. Plaintiff alleges that he went to a nurse complaining of extreme eye pain, (Doc. 42 at 3); the nurse provided him with inadequate treatment consisting of an eye examination and a delayed referral to a doctor, (id. at 3-6); and Plaintiff subsequently experienced "blurry and weak" vision, (id. at 7). Based on these facts, a lay person would be unable to determine if the standard of care the nurse owed to Plaintiff was breached, and thus, medical expert testimony is required, in accordance with the ordinary rule for medical malpractice cases under NC law. See e.g., Bowlin, 108 N.C. App. at 149-50. Consequently, medical expert testimony is still required, and its lack thereof remains fatal to Plaintiff's medical malpractice and negligence claims.

Accordingly, Plaintiff's motion fails to provide a sufficient basis for reconsideration and his novel legal arguments, if made prior to this court's order, (Doc. 39), would not have prevented Plaintiff's unfavorable Judgement on the Pleadings.

## IV. CONCLUSION

For the reasons stated herein,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. 42), is **DENIED**.

This the 12th day of July, 2021.

                                      /s/ William L. Osteen, Jr.
                                  United States District Judge